1  Ann Jernow (SBN 197060)
2  ajernow@sterlington.net
   **STERLINGTON, PLLC**
3  228 Park Avenue S #97956
   New York, New York 10003
4  Tel. 332-910-5742
5
6  Attorneys for Plaintiff
7
8
9            **UNITED STATES DISTRICT COURT**
10          **SOUTHERN DISTRICT OF CALIFORNIA**
11
12
13 **Nosirrah Management, LLC**, a Delaware      Case No. __'21 CV1316 CAB JLB__
   limited liability company,
14
15                     Plaintiff,              **COMPLAINT FOR**
                                               **RECOVERY OF SHORT-**
16         v.                                  **SWING PROFITS UNDER 15**
                                               **U.S.C. § 78p(b)**
17 **Franklin Wireless Corp.**, a Nevada
   corporation,
18                                             **DEMAND FOR JURY TRIAL**
                     Nominal Defendant,
19
           and
20
21 **O.C. Kim**, a California resident,
22                     Defendant.
23
24         For its Complaint, Plaintiff Nosirrah Management, LLC ("Plaintiff") hereby
25 alleges as follows:
26         1.     This is an action to recover "short swing" profits under Section 16(b)
27 of the Securities Exchange Act of 1934, as amended (the "1934 Act"), 15 U.S.C. §
28 78p(b).

1

## JURISDICTION AND VENUE

2   2.      This Court has jurisdiction under Section 27 of the 1934 Act, 15

3   U.S.C. § 78aa.

4   3.      Venue is proper in this district because defendants are inhabitants or

5   transact business in San Diego, California.

6   ## PARTIES

7   4.      Plaintiff, a Delaware limited liability company, is a shareholder of

8   Nominal Defendant Franklin Wireless Corp. ("Franklin Wireless").

9   5.      Upon information and belief, Nominal Defendant Franklin Wireless is

10   a provider of wireless solutions, including mobile hotspots, routers, trackers, and

11   other devices, and is a corporation of Nevada having a principal place of business

12   at 9707 Waples St #150, San Diego, California 92121. This action is brought in the

13   right and for the benefit of Franklin Wireless, which is named as a defendant solely

14   to bring all necessary parties before the Court.

15   6.      Upon information and belief, Defendant O.C. Kim has served as

16   President of Franklin Wireless since 2003 and is a resident at 13044 Deer Park

17   Way, San Diego, California 92130.

18   ## BACKGROUND FACTS

19   7.      At all relevant times, the common stock issued by Franklin Wireless

20   was registered under Section 12(g) of the 1934 Act, 15 U.S.C. § 78l.

21   8.      On October 5, 2020, a Form 4 "Statement of Changes in Beneficial

22   Ownership" was filed with the Securities and Exchange Commission ("SEC") by

23   Defendant Kim (the "October 5 Form 4"). The October 5 Form 4 reported a

24   purchase of Franklin Wireless common stock made on September 25, 2020 (the

25   "September 25 Purchase"):

26

27

28

COMPLAINT FOR RECOVERY OF SHORT-
SWING PROFITS UNDER 15 U.S.C. § 78p(b)
Case No. _____

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | | | | | | | | 1,596,695 | D | |
| Common stock | 09/25/2020 | | P | | 400,000 | A | $2.5 | 160,000 | I | By Child |

9.      The October 5 Form 4 disclosed several anomalies. First, it was filed six business days after the September 25 Purchase, in violation of SEC Rule 16a-3(g)(1), which requires reporting within two business days of changes of beneficial ownership which fall under the reporting requirements of Section 16.

10.      Second, the closing price of Franklin Wireless stock on September 25, 2020 was $15.97 per share, yet the September 25 Purchase was made at a price of $2.50 per share, a nearly 85% discount. When asked about this discrepancy, counsel for Franklin Wireless stated:

> Almost half of Franklin shares are restricted and over 150 shareholders hold paper certificates. Many of those shareholders also live in South Korea. Historically, Franklin shares have traded around $2.50 per share. These factors are all part of the context of these transactions.

Requests for further detail as to how the $2.50 price was determined revealed little except reiterations that many of the company's shareholders are in South Korea and purportedly have no means of selling their shares other than private non-market sales.

11.      Third, although the October 5 Form 4 reported that 400,000 securities were acquired, it only identified 160,000 shares as beneficially owned following the transaction. When asked about this mismatch, counsel for Franklin Wireless responded on March 1, 2021, that there was an error in reporting the number of shares and that the transaction was, in fact, an acquisition of 160,000 shares at an aggregate price of $400,000. Counsel stated on March 1, 2020 that he expected an

1    amended Form 4 would be filed correcting this error. As of the date of this

2    complaint, no amendment to the October 5 Form 4 has been filed.

3         12.    Fourth, the September 25 Purchase was reported on Form 4 as an

4    indirect beneficial ownership by Defendant Kim by Code I in column 6, with the

5    purchase made "By child" in column 7. The child was later identified upon

6    plaintiff's request as Ms. Rachel (Haesook) Kim. Yet later, counsel for Franklin

7    Wireless stated that Rachel Kim had maintained a separate household from

8    Defendant Kim for at least eight years and that Defendant Kim had "no pecuniary

9    interest in or control over the shares owned by his daughter."

10        13.    On December 31, 2020, when Franklin Wireless shares closed at a

11    price of $23.50 per share, Defendant Kim sold 500,000 shares in a private

12    transaction at a price of $15.00 per share (the "December 31 Sale"). The December

13    31 Sale was reflected in a Form 4 filed by Defendant Kim with the SEC, also late,

14    on January 12, 2021, seven business days after the sale occurred.

15        14.    The December 31 Sale at $15.00 per share was at a higher price than

16    the September 25 Purchase at $2.50 per share and occurred within six months of

17    the September 25 Purchase.

18        15.    As President of Franklin Wireless, Defendant Kim is and was at all

19    relevant times an "insider" for the purposes of Section 16 of the 1934 Act, 15

20    U.S.C. § 78p.

21        16.    On January 12, 2021, Plaintiff sent an email to Franklin Wireless

22    identifying the above transactions as a violation of Section 16(b) of the 1934 Act,

23    15 U.S.C. § 78p(b), and demanding that the company take action to recover all

24    profits received by Defendant Kim from these and any other short-swing trades.

25        17.    Franklin Wireless responded through counsel on February 12, 2021,

26    stating that the Board had investigated the transactions and determined they were

27    not in violation of Section 16(b) because the September 25 Purchase was made by

28

1  Defendant Kim's daughter while the December 31 Sale was made by Defendant
2  Kim.

3      18.    The irregularities in the October 5 Form 4 and other facts outlined
4  here cast significant doubt on this explanation. Rachel Kim is approximately 30
5  years old, obtained her Doctor of Pharmacy degree from the University of
6  California, San Francisco, in 2017, and has worked as an inpatient pharmacist at
7  UC San Diego Health since October 2018. According to Franklin Wireless, Rachel
8  Kim had the independent financial means to pay $400,000 for 160,000 shares of
9  Franklin Wireless stock which she possibly purchased from a relative in South
10  Korea.

11      19.    Plaintiff requested further information from Franklin Wireless to
12  investigate whether Rachel Kim in fact purchased the shares independent of
13  Defendant Kim's pecuniary interest in or control over the shares.

14      20.    In response to Plaintiff's questioning of Rachel Kim's investment
15  experience and financial ability to pay $400,000 for the shares, Franklin Wireless
16  disclosed that her income for the past three years was $153,578 (2020), $167,574
17  (2019), and $98,661 (2018) and that, aside from the 160,000 Franklin Wireless
18  shares, her investment portfolio includes only $35,000 in a 401(k) and IRA.
19  Franklin Wireless indicated that, over the past three years, although Defendant
20  Kim has not provided support for Rachel Kim's living expenses, he did provide a
21  $100,000 loan (which has been paid in full) for a down payment for a September
22  2019 purchase for $760,000 of a home that is valued at that same amount.

23      21.    The information provided by Franklin Wireless showed that Rachel
24  Kim is not an experienced investor and did not have the financial ability to pay for
25  the shares solely from her own funds. According to Franklin Wireless, the source
26  of funds for Rachel Kim's home purchase was (a) $175,000 of her own funds; (b)
27  $100,000 from her mother; and (c) a $485,000 mortgage loan from Wells Fargo
28  Bank with a 30-year term.

COMPLAINT FOR RECOVERY OF SHORT-
SWING PROFITS UNDER 15 U.S.C. § 78p(b)
Case No. _____

22.     Aside from financial considerations, Plaintiff also sought to understand the extent of Defendant Kim's involvement in arranging the share purchase for his daughter.

23.     Franklin Wireless's explanation showed that Defendant Kim in fact arranged the share purchase. According to Franklin Wireless, in August 2020, Defendant Kim introduced Rachel Kim to a seller in Korea who was eager to sell the shares even at their original investment cost, because the seller had apparently been unable to sell the shares due to Korean government restrictions preventing the sale of paper shares through Korean securities companies and the fact that virtually no Korean securities companies handle OTC shares due to limited trading volume. (Plaintiff has not independently verified these explanations.) After Rachel Kim hesitated due to the cost, the seller and Rachel Kim entered into an agreement under which the seller agreed to sell her shares "on a contingent payment basis, with a deadline of December 31, 2023."

24.     Considering the information from Franklin Wireless showing that Defendant Kim in fact orchestrated the September 25, 2020 share purchase, Plaintiff was left with significant doubt as to Defendant Kim's independence from the share purchase.  Thus, Plaintiff has requested further information about the circumstances of the agreement with the seller in Korea, including: (1) information explaining the meaning of the phrase "on a contingent payment basis with a deadline of December 31, 2023"; (2) a copy of the purchase contract and an explanation of how Rachel Kim paid or intends to be able to pay the $400,000 purchase price; (3) an explanation as to why Defendant Kim chose to introduce Rachel Kim to a buyer rather than purchasing the shares himself, including whether Defendant Kim was already in discussions with the investment group that purchased shares in December 2020 or was expecting that he might be selling shares in December 2020 (*i.e.*, within six months); and (4) an explanation as to

COMPLAINT FOR RECOVERY OF SHORT-
SWING PROFITS UNDER 15 U.S.C. § 78p(b)
Case No. _____

1   what convinced Rachel Kim to commit $400,000 to a single block of shares,

2   considering Rachel Kim's overall finances and much smaller investment portfolio.

3       25.    As of the filing of this complaint, Franklin Wireless has failed to

4   provide the additional information sought by Plaintiff. Upon information and

5   belief, Franklin Wireless has taken no further action with regard to Defendant

6   Kim's trades of September 25, 2020 and December 31, 2020.

7       26.    Despite Franklin Wireless' claims that Defendant Kim does not have

8   pecuniary interest in or control over the shares purchased by Rachel Kim, Franklin

9   Wireless has not filed an amended Form 4 with the SEC. Thus, Defendant Kim has

10  not clarified his SEC filing to state clearly that he has no pecuniary interest in the

11  shares purchased on September 25, 2020.

12      27.    Taking into account all of the facts recited above, including (i)

13  Defendant Kim's having arranged the purchase in his daughter's name despite

14  resistance on her part, (ii) Rachel Kim's apparent absence of any financial

15  experience or wherewithal that would justify this large purchase of a speculative

16  stock, and (iii) the unexplained so-called "contingent payment basis" for her share

17  purchase, an inference should be drawn that Defendant Kim had a pecuniary

18  interest in and control over the shares purchased in Rachel Kim's name.

19      28.    The September 25, 2020 purchase and the December 31, 2020 sale

20  resulted in Defendant Kim realizing a profit of no less than $2,000,000.00

21  calculated using the "lowest-in, highest-out" method.

22      29.    This action is brought within two years of the violations described in

23  this Complaint or within two years of the time when the transactions were

24  disclosed in SEC filings as required by Section 16(a) of the 1934 Act.  15 U.S.C. §

25  78p(a).

26

27

28

COMPLAINT FOR RECOVERY OF SHORT-
SWING PROFITS UNDER 15 U.S.C. § 78p(b)
Case No. _____

# CLAIM FOR RELIEF

## (Recovery of Profits Under Section 16(b) of the 1934 Act)

30.    Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

31.    Defendant Kim purchased and sold Franklin Wireless common stock within a six-month period.

32.    Defendant Kim realized profits of $2,000,000.00 in connection with this purchase and sale.

33.    As President of Franklin Wireless, Defendant Kim was a Franklin Wireless insider subject to Section 16(b) of the 1934 Act, 15 U.S.C. § 78p(b) at the time of the purchase and sale of the Franklin Wireless stock.

34.    As of the date of this Complaint, Defendant Kim has failed to account for and disgorge the entirety of his short swing profits from the September 25 and December 31, 2020 purchase and sale despite Plaintiff's January 12, 2021 demand.

35.    As a result, Defendant Kim and Franklin Wireless are in breach of Section 16(b) of the 1934 Act.

36.    In the event that Defendant Kim made other purchases and sales of Franklin Wireless stock within the above or any other six-month period resulting in short-swing profits, such transactions are also a breach of Section 16(b) of the 1934 Act requiring disgorgement by O.C. Kim to Franklin Wireless.

37.    Through such purchases and sales or sales and purchases, Defendant Kim realized profits the exact amounts which are unknown to Plaintiff, which inure to the benefit of, and are recoverable by, Plaintiff on behalf of Franklin Wireless.

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)
Case No. _____

## **PRAYER FOR RELIEF**

Therefore, Plaintiff prays for the following relief:

A.      All short-swing profits realized in violation of Section 16(b) of the 1934 Act, minus any disgorgement previously made, along with appropriate interests and the costs of this action;

B.      Pre-judgment and post-judgment interest on such monetary relief;

C.      The costs of bringing this suit, including reasonable attorney fees; and

D.      All other relief to which Plaintiff may be entitled at law or equity.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38.1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: July 20, 2021          **STERLINGTON, PLLC**

By:  s/Ann Jernow

Attorneys for Plaintiff

Email: ajernow@sterlington.net

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)
Case No. _____