# EXHIBIT A

bill.bauer@franklinwireless.com

| | |
|---|---|
| **From:** | Richard Canedo <RC@sterlington.net> |
| **Sent:** | Tuesday, January 12, 2021 12:36 PM |
| **To:** | ir@franklinwireless.com |
| **Subject:** | Demand to recover Section 16 short-swing profits from Insider of FKWL |

For the Legal Counsel:

    Our firm, Sterlington, PLLC, represents Nosirrah Management, LLC, a Delaware entity and shareholder of the Company. We write on behalf of Nosirrah Management, LLC to demand that the Company recover short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b), from Insider.

**Company**: FRANKLIN WIRELESS CORP ("FKWL")
**Insider**: Kim OC
**Amount to be disgorged ("Amount")**: $5,000,000
**Matchable purchase and sale dates**: 9/25/2020, 12/31/2020

    Insider was, at all times during the period described herein, an officer, director and/or 10% owner of the Company and thus subject to Section 16 as evidenced by Form 4 filings. The publicly disclosed matchable transactions by Insider include purchase(s) of the Company securities and sale(s) of the same within six months at higher prices on the Matchable Purchase and Sale Dates above. We estimate the amount subject to disgorgement from the Insider to be in the disgorgement Amount above.

    We demand that the Company (1) recover all of Insider's short-swing trading profits, (2) determine whether Insider failed to report any transactions of any Company security that are required to be filed (and if so, compel such filings), and (3) investigate whether other Company security purchases or sales were made by any family members of Insider within his/her household or by any other entities in which Insider has an unreported direct or indirect beneficial ownership interest (and if so, compel such filings). We further demand that the Company analyze all transactions identified through (2) and (3) under Section 16 for additional recovery by the Company, including transactions after receipt of this letter and prior to a resolution of our demand.

    Please respond **within five (5) days** to confirm that the Company will recover the amounts owed to it from the Insider and/or to provide the materials requested evidencing such recoveries. Absent such a response, or if the Company does not take action to recover the full amounts of short-swing profits owed by the Insider **within sixty (60) days**, we will file suit to compel such recovery.

    Attorney's fees in Section 16 recoveries "should be tied to the benefit conferred" (Portnoy v. Standard Pacific Corp., 666 F. Supp. 140, 143 (N.D. Ill. 1987)) by the attorney's services which are the "motivating factor in the corporation's recovery" (Portnoy v. Gold Reserve Corp., 711 F. Supp. 565, 569 (E.D. Wash. 1989)). Since only the first demand letter received alerts the company to new information, only the first demand letter can be a "motivating factor" in the recovery, so only that attorney merits a fee. All subsequent demand letters merely tell the company what it already knows and, therefore, would not be a motivating factor in the recovery. **If this is not the first demand letter you receive**, then, upon evidence that our letter was not first, **we expect to withdraw our demand**. *Please do not, however, provide our information or client name to another plaintiff's attorney without our prior consent.* Please do not engage the late attorneys until our firm has had a full and fair opportunity to ensure recovery and obtain our attorney's fee. After we have done so, then we can inform the late attorneys that their shareholder demand has been satisfied (i.e., that full recovery was obtained).

    If you wish to discuss this matter, you may email me at RC@sterlington.net. We look forward to your response.

Regards,
Richard ("Rick") Canedo
Partner
**Sterlington, PLLC**
Email: RC@sterlington.net
Phone: (212) 433-2871
Fax: (212) 896-9985

*Confidential Note: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication, including any files or attachments transmitted with it, may contain information that is proprietary, privileged, or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it and any such unauthorized actions are strictly prohibited. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message, including your notification to this sender.*