UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOSIRRAH MANAGEMENT, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP.; O.C. KIM,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21-cv-01316-JO-JLB<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 35]** |

Presently before the Court is Plaintiff's Motion for Protective Order. (ECF No. 35.) Plaintiff seeks an order "forbidding inquiry into Topic Nos. 4–10" of Defendants' Rule 30(b)(6) deposition notice.[1] (ECF No. 35-1 at 1.) For the reasons stated below, Plaintiff's Motion for Protective Order is **GRANTED in part** and **DENIED in part**.

///

///

---

[1]  Plaintiff includes as Exhibit A its responses to all 18 of Defendants' 30(b)(6) deposition topics. (*See* ECF No. 35-3.) However, Plaintiff only disputes Topic Nos. 4–10. (ECF No. 35-1 at 1.) As represented in an informal Discovery Conference with the Court on May 12, 2022, Plaintiff has agreed to produce a witness for Topic Nos. 1–3 and 11–18. (*See* ECF No. 30.)

1

## I.   BACKGROUND

Plaintiff commenced the instant action on July 22, 2021.  (ECF No. 1.)  Plaintiff, a shareholder of Defendant Franklin Wireless Corp. ("Franklin Wireless") brings only one claim against Defendants for recovery of "short swing" profits under Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)").[2]  (*Id.* ¶¶ 1, 4, 30–37.)  Plaintiff alleges that Defendant O.C. Kim was the president of Franklin Wireless, and therefore an insider of the corporation, when he "purchased and sold Franklin Wireless common stock within a six-month period."  (*Id.* ¶¶ 31, 33.)  Plaintiff further alleges that Defendant O.C. Kim "realized profits of $2,000,000.00 in connection with" the purchase and sale of Franklin Wireless, and "has failed to account for and disgorge the entirety of his short swing profits." (*Id.* ¶¶ 32, 34.)

On May 6, 2022, the parties lodged a Joint Discovery Statement in accordance with § V.B. of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules.  (ECF No. 28.)  After an informal Discovery Conference on May 12, 2022, the Court issued a briefing schedule. (ECF No. 30.)  On May 13, 2022, Plaintiff timely filed the instant Motion for Protective Order (ECF No. 35).  On May 16, 2022, Defendants filed an opposition (ECF No. 36), and Plaintiff filed a reply on May 18, 2022 (ECF No. 38).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable.  *Id.*

---

[2]   *See* 15 U.S.C. § 78p(b).

District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Rule 30(b)(6) allows a party to depose an entity. Fed. R. Civ. P. 30(b)(6). The party seeking the deposition must describe with reasonable particularity the matters for examination. *Id.* The entity must then designate one or more persons to testify. *Id.* The designees must testify about information known or reasonably available to the organization. *Id.*

Rule 26 requires that courts "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Because "pretrial discovery by depositions and interrogatories has a significant potential for abuse," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984), district courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Robinson v. Chefs' Warehouse*, 15-cv-05421-RS-KAW, 2017 WL 836944, at *1 (N.D. Cal. Mar. 3, 2017) (citing *Seattle Times*, 467 U.S. at 36, 104). For example, district courts may, among other things, forbid discovery, specify the terms for discovery, forbid inquiry into certain matters, or limit the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (B), and (D).

A party seeking a protective order under Rule 26(c) must show that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063

(9th Cir. 2004) (quoting Fed. R. Civ. P. 26(c)). This burden may be met by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive. *Del Socorro Quintero Perez v. United States*, 13-cv-01417-WQH-BGS, 2016 WL 705904, at *6 (S.D. Cal. Feb. 23, 2016). If the party makes this showing, the court must then determine if an order is necessary by "balanc[ing] the public and private interests" at stake. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1211.

### III. DISCUSSION

Plaintiff objects to Topic Nos. 4–10 on multiple grounds, all tied to the position that the topics are not relevant to any claim or defense. (ECF No. 35-1 at 6–9.) In response to Defendants' position that the topics are relevant to their equitable affirmative defenses (ECF No. 36 at 3), Plaintiff argues that these equitable affirmative defenses are not available in Section 16(b) actions. (ECF No. 35-1 at 6–7.) Plaintiff filed a Motion for Judgment on the Pleadings, or in the alternative, a Motion to Strike directed to Defendants' equitable affirmative defenses ("Motion to Strike"), citing a number of district court cases for the proposition that equitable defenses are not available in Section 16(b) actions. (*See* ECF No. 34.) That motion is pending before District Judge Jinsook Ohta. (*Id.*)

Defendant maintains that Topic Nos. 4–10 are relevant to the equitable affirmative defense of unclean hands[3] because "Plaintiff bought just one share of Franklin Wireless

---

[3] Defendants filed a single pleading to serve both as their opposition to Plaintiff's Motion to Strike and their opposition to the Motion for Protective Order. (*See* ECF Nos. 36; 37.) Defendants only assert arguments as to the viability of an affirmative defense of unclean hands and appear to forfeit any claim to the other equitable defenses they raised in their Answer. (*See* ECF Nos. 17; 36 at 2 ("Defendants need not retain any of their equitable defenses other than unclean hands")); *Hakakha v. CitiMortgage, Inc.*, No. EDCV 15-1320-JGB-SPx, 2015 WL 4873561, at *8 (C.D. Cal. Aug. 13, 2015) ("The Court construes Plaintiff's failure to address those arguments as Plaintiff's concession that they are valid reasons to dismiss those claims."). Defendants also only assert the unclean hands defense as the basis for the relevancy of the deposition topics at issue. As such, this Court only addresses the merits of Defendants' argument as to their affirmative defense of unclean hands.

stock and implemented a computer program which automatically e-mailed a frivolous claim within just minutes of the December 2020 share sale at issue . . . Plaintiff has implemented an entire business model of litigation via blackmail." (ECF No. 36 at 3.) Defendants offer no further explanation of how the requested information would support Defendants' unclean hands defense. In their opposition to Plaintiff's motions, Defendants cite to authority for the general proposition that equitable defenses are available in actions seeking equitable relief. (*See id.* at 2.) However, Defendants cite no authority for the specific proposition that the defense of unclean hands is available in 16(b) actions.

Plaintiff's Motion to Strike is a motion that will be decided by Judge Ohta—not by the undersigned. This Court does not presume to anticipate how Judge Ohta will rule, nor would this Court usurp her role. However, this Court must rule on the pending discovery motion, and Defendants bear the burden of showing the relevance and proportionality of the deposition topics at issue. *See Petconnect Rescue, Inc., et al. v. Salinas*, No. 20-cv-00527-LL-DEB, 2022 WL 1322854, at *2 (S.D. Cal. May 3, 2022) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("The party seeking to compel discovery has the burden of establishing relevance.")). This Court is not persuaded that Defendants' equitable affirmative defense of unclean hands will survive Plaintiff's pending Motion to Strike, and Defendants put forward no other arguments as to the relevance of the disputed topics other than that affirmative defense.[4] Moreover, Defendants have not endeavored to set forth arguments as to just how the information requested even advances an unclean hands defense. For most of the disputed topics, the connection between the requested information and the affirmative defense is not clear on its face.

Defendants have failed to demonstrate that the requested discovery is relevant. Because the discovery has no relevance, virtually any burden to Plaintiff would result in

---

[4] Should Judge Ohta deny Plaintiff's Motion to Strike, Defendants may file a motion to reopen discovery as to the disputed topics.

the discovery being overly burdensome. Thus, the Court finds that Plaintiff has met its burden to show good cause for the protective order on the bases that the discovery is irrelevant, overly broad, and burdensome. *See Rivera*, 364 F.3d at 1063; *Del Socorro Quintero Perez*, 2016 WL 705904, at *6. Therefore, the Court sustains Plaintiff's objections and grants Plaintiff's request for a protective order as to Topic Nos. 4 through 10, *except* that as to Topic No. 6, Plaintiff's 30(b)(6) witness must be prepared to testify as to how many shares Plaintiff purchased.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order (ECF No. 35) is **GRANTED in part** and **DENIED in part**. As stated above, Plaintiff's 30(b)(6) witness must be prepared to testify as to how many shares Plaintiff purchased as set forth in Topic No. 6.

**IT IS SO ORDERED.**

Dated: May 25, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge